**Walker License**

*John A. Featherman,* for appellant.

*Maurice Levin,* Assistant Attorney General, for Commonwealth.

PITT, J., January 21, 1972.—On August 18, 1971, petitioner herein was involved in a rear-end collision in Northampton Township, Bucks County, Pa. Patrolman Charles Edward Quaste, of the Northampton Township Police, one of the investigating officers dispatched to the accident scene, observed petitioner seated in the driver's seat of his Toyota vehicle. Patrolman Quaste observed an odor of alcoholic beverage about petitioner and a cut on his leg. In the few minutes that ensued thereafter, that officer observed that petitioner fumbled for his identification cards, was possessed of a staggering gait and slurred speech. The officer placed petitioner under arrest and administered the "Miranda warnings."

Thereafter, petitioner was taken to a hospital for treatment, and while at the hospital was asked to submit to a chemical test for the purpose of determining the alcoholic content of his blood. Though warned of the consequences of failure to take the test upon request, petitioner refused.

Petitioner presented evidence at the hearing before us that the charge of operating under the influence of intoxicating liquor was ultimately dismissed at the magisterial level for failure to make out a prima facie case. Petitioner likewise introduced the testimony of Lynn Rae Fesmier, who lived near the scene of the

accident, and who said she went to the scene and talked briefly with petitioner whom she previously knew, and further stated that she did not observe the odor of alcohol about him.

On November 9, 1971, petitioner's motor vehicle privileges were suspended for a period of six months for refusal to submit to a chemical test of his breath. Petitioner, thereafter, filed this appeal.

On appeal to the Court of Common Pleas from the license suspension, it is the duty of the court to hear the case de novo and determine anew whether the operator's license should be suspended: Commonwealth v. Wagner, 364 Pa. 566, 73 A.2d 676 (1950); Commonwealth v. Funk, 323 Pa. 390, 186 Atl. 65 (1936). The Vehicle Code provides that any person who operates a motor vehicle in this Commonwealth shall be deemed to have consented to a chemical test of his breath for the purpose of determining the alcoholic content of his blood. It further provides, in part, as here applicable, that if a person is placed under arrest and charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor and is requested to submit to a chemical test and refuses to do so, the test shall not be given, but the secretary may suspend his license: Act of April 29, 1959, P. L. 58, sec. 624.1, and its amendments, 75 PS §624.1.

We find from this record that petitioner was properly asked to submit to a chemical test and that he refused to do so. He therefore was in violation of a statute, which gives the secretary the right to suspend for said refusal. Does the subsequent dismissal of the charge of operating while under the influence of intoxicating liquor against this petitioner absolve petitioner's violation of the cited statute and thus invalidate the action of the secretary in suspending his license? We think not. Despite the fact that the charge against petitioner

was dismissed, there remains his violation of the statutorily mandated consent to the chemical test, and for his refusal to take said test, the secretary acted properly in suspending his motor vehicle privileges. We, therefore, make the following:

ORDER

And now, January 21, 1972, the rule to show cause why the suspension should not be vacated is discharged and the appeal is dismissed, and the action of the Secretary of Transportation in suspending petitioner's motor vehicle privileges for a period of six months is affirmed and reinstated.